# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY McKINLEY, CDCR # H-83058, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW CATES; L.S. McEWEN; E. BUTLER; E. MERCER, <br><br> Defendants. | Civil No. 11cv1292 BTM (MDD) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [ECF No. 2];** <br><br> **(2) DISMISSING ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Plaintiff was convicted and sentenced to life without the possibility of parole in 1997. (*See* Pl.'s Compl, Ex. 1, Abstract of Judgment dated January 29, 1997.) Plaintiff claims that, beginning in 1997, prison officials began garnishing his inmate trust account to pay towards his restitution fine. (*See* Compl. at 3.) However, Plaintiff claims that he discovered in 2010 that the CDCR had been "illegally collecting" money from his inmate account because Plaintiff claims that the "oral pronouncement" of his sentence did not include the restitution fine. (*Id.*) Instead, the restitution fine was added later in a minute order by Defendant E. Mercer, Riverside Superior Court Clerk. (*Id.*) Plaintiff claims that this minute order is "erroneous." (*Id.*) Plaintiff filed a Petition for Writ of Habeas Corpus in Riverside Superior Court seeking correction of this issue. On April 20, 2011, Superior Court Judge Jorge Hernandez denied Plaintiff's Petition finding that "[t]he documents supplied in Petitioner's response" does "demonstrate that some sentencing and abstract of judgment errors occurred that appear to this court to have been cured."

(Compl, Ex. 5, In re Donnie McKinney, Cal. Superior Court Case No. RIC10019910, Order denying Petition for Writ of Habeas Corpus dated Apr. 20, 2011.)

Plaintiff seeks to hold liable the Clerk of Court for the County of Riverside for allegedly entering a minute order into the Court's docket which Plaintiff claims was fraudulent. Plaintiff seeks to sue prison officials for injunctive relief by requesting that this Court order prison officials to stop taking funds from his trust account and applying them to the allegedly invalid restitution fine. (*See* Compl. at 8.)

First, Defendant Mercer, who is alleged to have filed the minute order regarding restitution, is entitled to absolute quasi-judicial immunity. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.")

Second, Plaintiff's Complaint is in essence seeking an Order from this Court directing the state court to modify its judgment and order. This Court lacks jurisdiction in this matter as federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999).

Finally, to the extent that Plaintiff is seeking the return of funds that he claims prison officials have taken unlawfully from his inmate trust account, he has failed to state a claim. Where an inmate alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the monies garnished from his inmate trust account are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

The Court dismisses Plaintiff's Complaint in its entirety for failing to state a claim upon which relief could be granted and for seeking monetary damages against an immune defendant. The Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

///

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without leave to amend for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

The Clerk of Court shall enter judgment and close the file.

DATED: September 19, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge